IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AT AUSTIN

| | |
|---|---|
| **DAVID TOM,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**SAGAX MEDIA LLC d/b/a SERVICE DIRECT**<br><br>**AND**<br><br>**FLORIDA HIGH & DRY ROOFING, LLC**<br><br>*Defendants.* | Case No. 1:26-cv-125<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## MOTION AND BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT

Plaintiff David Tom ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 4(m) and 6(b) for a sixty (60) day extension of time to complete service of the Summons and Complaint on Defendants Sagax Media LLC d/b/a Service Direct ("Service Direct") and Florida High & Dry Roofing, LLC ("Florida High & Dry") (collectively, "Defendants"). In support thereof, Plaintiff respectfully shows the Court as follows:

### BACKGROUND

Plaintiff filed this action on January 18, 2026. Under Federal Rule of Civil Procedure 4(m), Plaintiff has ninety (90) days from the filing of the Complaint to serve each Defendant, making the current deadline April 18, 2026. Plaintiff retained professional process servers to

1

effectuate service on both Defendants. Despite diligent efforts, neither Defendant has been served as of April 7, 2026.

Service Direct has not been able to be served because its registered agent address on file with the Texas Secretary of State is invalid. Specifically, a process server attempted service on Service Direct at its address of record, 4413 Pack Saddle Pass, Austin, TX 78745-1623, on January 29, 2026. The process server found the property vacant. A neighboring business manager reported that Service Direct had taken down its sign and that no one had been seen at the property or in its parking lot in over a year. The road to the parking lot was blocked off by an active construction site with city permits posted. The process server executed an Affidavit of Nonservice on February 11, 2026.

Florida High & Dry is still in the process of being served because one of its offices is vacant and the other does not have a regular business presence. Specifically, a process server attempted service on Florida High & Dry at its address of record, 1340 Clearmont St NE, Suite 308, Palm Bay, FL 32905-4049, on two occasions, both of which the business was closed and the location vacant. The process server executed an Affidavit of Nonservice on February 12, 2026.

Having been unable to serve Florida High & Dry at the Clearmont Street address, Plaintiff identified an alternate business address at 4640 Lipscomb St NE, Suite 6, Palm Bay, FL 32905-2986, and dispatched a new service job to that location. The process server assigned to the Lipscomb Street address has made multiple attempts but has been unable to locate any person at the business., despite confirming its presence at this logation The process server has reported that while two suites at the location bear the company's name, no one has been present during any service attempt. The phone number listed for the business goes to an automated messaging service. Service efforts at this address remain ongoing.

2

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Rule 4(m) further provides that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, the court must extend the time for service if the plaintiff demonstrates good cause for the failure to serve.

Good cause exists here. Fifth Circuit courts find good cause under Rule 4(m)'s standard "when a good faith attempt is made to effectuate service, but the service nonetheless fails to satisfy all the requirements set forth in Rule 4." *Tuggle v. MMR-AEI Constructors, Inc.*, No. CIV.A. 08-62-FJP-CN, 2008 WL 3983847, at *1 (M.D. La. Aug. 27, 2008). Refusal of service, evasion, or something as simple as refusing to come to the door satisfies the requisite standard. *Higgins v. NMI Enters., Inc.*, No. CIV.A. 09-6594, 2013 WL 27556, at *7 (E.D. La. Jan. 2, 2013).

Plaintiff has acted diligently in attempting to serve both Defendants. Plaintiff retained professional process servers promptly after filing suit, and service documents were transmitted to both servers within days of filing. Service Direct's registered address in Austin, Texas was found to be vacant, with the neighboring business confirming that Service Direct had vacated the premises over a year ago. Florida High & Dry's registered address in Palm Bay, Florida was likewise found to be unoccupied, and a second address identified through Plaintiff's investigation has also yielded no contact despite multiple attempts.

3

The difficulty in completing service is thus attributable entirely to Defendants' apparent unavailability at their known business addresses, not to any lack of diligence on Plaintiff's part.

A sixty (60) day extension will allow Plaintiff to complete ongoing service attempts at Florida High & Dry's Lipscomb Street address, to locate a current address for Service Direct, and to explore additional methods of service permitted under the Federal Rules and applicable state law. If Plaintiff is unable to effectuate personal service or statutory alternative service within the requested extension period, Plaintiff intends to file a motion for alternative service pursuant to Federal Rule of Civil Procedure 4(e).

## CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court enter an order extending the time for Plaintiff to serve the Summons and Complaint on Defendants Sagax Media LLC d/b/a Service Direct and Florida High & Dry Roofing, LLC by sixty (60) days from the current deadline, and for such other and further relief to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED AND DATED this 7th day of April, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

4

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

April 7, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.