IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID TOM, individually and on behalf of all others similarly situated, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:26-CV-00125-RP |
| SAGAX MEDIA LLC d/b/a SERVICE DIRECT, and FLORIDA HIGH & DRY ROOFING, LLC, *Defendants*. | § § | |

**JOINT RULE 26(F) CONFERENCE REPORT**

Plaintiff David Tom ("Plaintiff") and Defendant Sagax Media LLC d/b/a Service Direct ("Sagax") file this Joint Rule 26(f) Conference Report pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's August 14, 2026 Order (ECF No. 18).

1. Counsel for Plaintiff and Sagax (collectively, the "Parties") have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Defendant Florida High & Dry Roofing, LLC ("High & Dry") has not appeared in this action, and no counsel participated in the conference on its behalf.

2. High & Dry was served with the Summons and Complaint and its deadline to answer or otherwise respond to the Complaint has long since expired. High & Dry has not answered, appeared, or otherwise defended, and is in default. Plaintiff intends to seek entry of default against High & Dry pursuant to Federal Rule of Civil Procedure 55(a) and, thereafter, to move for default judgment pursuant to Federal Rule of Civil Procedure 55(b), including a possible class default judgment. Nothing in this report or in the attached proposed Scheduling Order is intended to limit or delay Plaintiff's ability to pursue that relief.

3. The Parties discussed the nature and basis of their claims and defenses and the

possibilities for promptly settling or resolving this case. Plaintiff asserts claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), premised on alleged violations of 47 C.F.R. § 64.1200(c)(2) (the National Do Not Call Registry) and 47 C.F.R. § 64.1601(e) (telemarketing caller identification). Plaintiff also seeks certification of two putative classes pursuant to Federal Rule of Civil Procedure 23. Sagax denies these claims both factually and legally, as set forth in its currently pending motion to dismiss.

4. On June 8, 2026, Sagax appeared and moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed his response in opposition and Sagax filed a reply. That motion, now fully briefed, remains pending. The Parties submit this report and the attached proposed Scheduling Order in compliance with the Court's August 14, 2026 Order (ECF No. 18) and Local Rule CV-16(c), and without waiver of any argument raised in or defense preserved by the pending motion. The Parties respectfully reserve the right to seek modification of the proposed deadlines in the event the Court's ruling on the motion to dismiss materially alters the scope of this case or the claims or parties remaining in it.

5. The Parties agreed that they will serve initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, on or before September 11, 2026.

6. The Parties have agreed on a proposed Scheduling Order, prepared using District Judge Robert Pitman's form, which is attached to this report.

7. The Parties contemplate conducting discovery on all issues relevant to Plaintiff's claims, as stated in the Complaint, all issues relevant to Sagax's defenses, and all issues relevant to certification under Federal Rule of Civil Procedure 23. Plaintiff anticipates seeking discovery concerning, among other things, the calls at issue, Sagax's outbound calling and lead generation practices and records, the identity of the persons and entities that placed the calls, Sagax's

contracts and relationship with High & Dry and other clients, Sagax's do not call policies and procedures, and the transmission of caller identification information. Sagax anticipates seeking discovery concerning, among other things, all documents concerning Plaintiff's provision of consent to receive calls/texts from Sagax, telephone call records, records concerning Plaintiff's use of the subject telephone number, including telephone bills and account records, documents concerning any communications with Sagax and/or its employees, and any non-privileged documents/communications exchanged between Plaintiff, his counsel, and/or third parties. The Parties anticipate all discovery will be completed by May 28, 2027.

8. The Parties anticipate that discovery in this action will involve electronically stored information, including call detail records and related data. The Parties will confer in good faith regarding custodians, search terms, and the form of production, and will produce electronically stored information in a reasonably usable form. At this time, the Parties do not anticipate any issues regarding electronically stored information that will require the Court's intervention.

9. The Parties do not presently anticipate unusual issues concerning claims of privilege or of protection as trial preparation material. The Parties intend to submit an agreed protective order governing the treatment of confidential information and will request that the Court include therein a provision pursuant to Federal Rule of Evidence 502(d).

10. At this time, the Parties know of no other orders that need to be entered by the Court under Rule 26(c) or Rules 16(b) or (c) of the Federal Rules of Civil Procedure. The Parties agree to accept and receive electronic service of discovery documents. The Parties reserve the right to request such additional orders if necessary.

Respectfully submitted,

PERRONG LAW LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529
Facsimile: 888-329-0305

By: /s/ Andrew Roman Perrong
Andrew Roman Perrong
a@perronglaw.com

**ATTORNEY FOR PLAINTIFF DAVID TOM AND THE PUTATIVE CLASS**

KLEIN MOYNIHAN TURCO LLP
450 Seventh Avenue, 40th Floor
New York, New York 10123
Telephone: (212) 246-0900

By: ___________________________________
Neil E. Asnen
nasnen@kleinmoynihan.com

**ATTORNEYS FOR DEFENDANT SAGAX MEDIA LLC d/b/a SERVICE DIRECT**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing document to be served to all counsel of record through the Court's CM/ECF system on this ___ day of August 2026.

___________________________________
Andrew Roman Perrong